NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID WEIR, individually and on behalf of all others similarly situated,

        Plaintiff - Appellant,

 v.

ALLIANZ SE; ALLIANZ GLOBAL INVESTORS U.S. LLC,

        Defendants - Appellees,

and

OLIVER BATE,

        Defendant.

No. 24-4249

D.C. No.
2:23-cv-00719-DSF-MAA

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted June 12, 2025
Pasadena, California

Before: CLIFTON, BYBEE, and FORREST, Circuit Judges.

David Weir appeals the district court's dismissal of his class action

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

complaint against Allianz SE (Allianz) and its subsidiary Allianz Global Investors US (AGI US) for federal securities violations. We agree that Weir failed to state a claim against Allianz because he did not adequately plead that Allianz made material misrepresentations. Weir also failed to state claims against AGI US because he failed to satisfy the purchaser-seller requirement for a federal securities fraud suit. Accordingly, Weir did not state a controlling person claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1271 (9th Cir. 2017). Weir must satisfy the "dual pleading requirements of Federal Rule of Civil Procedure 9(b)" and the Private Securities Litigation Reform Act, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009), which require a plaintiff to plead fraud as to each allegedly fraudulent statement with "particularity," 15 U.S.C. § 78u-4(b)(1).

1. Weir argues that he stated a claim for securities fraud against Allianz for two sets of statements about its risk management framework. The district court dismissed this claim, concluding Weir had not alleged that Allianz's statements were "objectively false." A plaintiff alleging securities fraud under Rule 10b-5(b), 17 C.F.R. § 240.10b-5, which implements Section 10(b) of the Securities

Exchange Act of 1934, 15 U.S.C. § 78j(b), must plead, among other "essential elements[,] . . . a material misrepresentation or omission by the defendant . . . ." *Retail Wholesale*, 845 F.3d at 1274. A statement is misleading in the "totality of the statements made within the Class Period," *id.* at 1277, when it "affirmatively create[s] an impression of a state of affairs that differs in a material way from the one that actually exists." *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002).

Weir argues that two types of statements were materially misleading: Allianz's statements about its "overall risk organization and roles in risk management" and its three lines of defense, and Allianz's statements about its risk mitigation activities and "system of internal controls." Neither were materially misleading because they are akin to "transparently aspirational" statements or "corporate puffery." *See In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 700 (9th Cir. 2021) (internal citations omitted). Such statements generally are not material misrepresentations because investors "know how to devalue the optimism of corporate executives." *Id.* (quoting *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1060 (9th Cir. 2014)). Allianz did have a three-lines-of-defense risk management system, and the existence of that system did not guarantee its success. Fraud committed by specific AGI US employees does not show that Allianz's statements were materially misleading.

24-4249

Weir argues that "Allianz claimed not only that it had internal controls and risk management procedures, but that those procedures *ensured* compliance." Allianz said that its risk management approach "ensures that effective controls or other risk mitigation activities are in place for all significant operational risks." However, in *Retail Wholesale*, 845 F.3d at 1271, 1277–78, we held that Hewlett-Packard's public statements promising to adhere to "business ethics" were not material misrepresentations despite sexual harassment allegations against the company's CEO because Hewlett-Packard's public "promotion of ethical conduct . . . did not reasonably suggest that there would be no violations of the [ethical code] by the CEO or anyone else." Here, Allianz did not promise to eliminate risk or that misconduct would never occur. Instead, Allianz promised only that "effective controls or other risk mitigation activities are in place."

Plaintiff also argues that Allianz's systems should have followed up on "red flags" that "if pursued, might have led to identification of at least certain aspects of the fraudulent scheme . . . ." But that the identification of red flags "might" have led to uncovering fraud does not establish that Allianz made materially misleading statements.

2. We affirm the dismissal of Weir's fraud claims against AGI US because Weir did not satisfy the "purchaser-seller rule," which is a "bright line" that restricts a cause of action under Rule 10b-5 and Section 10(b) "to purchasers and

4                                                                24-4249

sellers of the security about which the alleged misrepresentations were made." *In re CCIV / Lucid Motors Sec. Litig.*, 110 F.4th 1181, 1185 (9th Cir. 2024) (interpreting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975)).[1] Weir purchased American Depository Receipts of Allianz and the statements at issue came from AGI US and concerned its Structured Alpha Funds.[2] Weir had not purchased or sold interests in AGI US or its Structured Alpha Funds.

3. Finally, we hold that the district court did not err in dismissing Weir's controlling person claim against Allianz under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), because a controlling person claim requires a "primary violation" of the securities laws on which to base controlling person liability. *See Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1113 (9th Cir. 2021). Because the district court did not err in dismissing Weir's claims for primary violations, Weir's Section 20(a) claim "necessarily fail[s]." *Id.*

**AFFIRMED.**

---

[1] Although the district court dismissed the securities fraud claim against AGI US for failure to plead reliance and did not specifically address the scheme liability claim, "[w]e may affirm on any ground supported by the record." *Grimm v. City of Portland*, 125 F.4th 920, 925 (9th Cir. 2025).

[2] American Depository Receipts are, we have explained, "negotiable certificates issued by a United States depositary institution, typically banks, and they represent a beneficial interest in, but not legal title of, a specified number of shares of a non-United States company." *Stoyas v. Toshiba Corp.*, 896 F.3d 933, 940 (9th Cir. 2018). They are a "stock" under the Securities Exchange Act of 1934. *Id*. at 939-42.